Elizabeth D. Tate, SBA # 32659
2953 North 48th Street
Phoenix, AZ 85018-7749
Phone: (602) 670-4653
Fax: (602) 595-5959
E-mail:   attorneyelizabethtate@yahoo.com
Attorney for Plaintiff, Karen Marshall

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Karen Marshall**<br><br>                              Plaintiff,<br><br>         v.<br><br>**Early Warning Services, LLC**<br><br><br>Defendant. | **Case #**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Karen Marshall   by and through Elizabeth D. Tate, her undersigned attorney of record, submit this Complaint for relief and Demand for Jury Trial pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a, b).

## 1. Plaintiff's 5 Claims

Count One: 42 U.S.C. §1981 – Retaliation for having reported or opposed race discrimination

Count Two:   42 U.S.C. § 2000e 5 -Retaliation for having reported race or opposed race   discrimination

Count Three: 42 U.S.C §2000e 2(a) (1) – Failure to promoted based on race.

Count Four:   42 U.S.C. § 1981 – Failure to promote based on race.

Count Five:   42 U.S.C. § 20002 2(a) (1) Sex discrimination

Count Six : 42 U.S.C. § 12112 - Disability Discrimination - Failure to Accommodate.

## 2. The Parties, Jurisdiction and Venue

**1.**   At all times material to this Complaint, the Plaintiff, Karen Marshall ("Marshall") and has been:

(A) an adult resident of Maricopa County, Arizona; and

(B) employed by the Defendant, Early Warning Services, LLC as Director of Risk Management   in Scottsdale, Maricopa County, Arizona; and

(C) a person whose race is African American.

(D) a person whose sex is female.

(E) a person who is qualified to perform her job as Director   and for Senior Director Position that she requested. Marshall has 29 years of IT experience and Business Risk experience.

(F) A person with the disability of a herniated disk with canal stenosis that limits her major life activity of movement.

(H) A "qualified individual with a disability" as defined by 42 U.S.C. § 12118 and 42 U.S.C. § 12112(a)

**2.** Defendant, Early Warning Services, LLC "Early Warning Services"

(A)  a business who provides fraud prevention services for entities nationwide.

(B) the "employer" of Marshall as defined by 42 U.S.C. §2000e (b), 29 U.S.C. §2611(4) and 42 U.S.C. 12111(5) (A).

**4.**   All events alleged herein occurred within the State of Arizona.

**5.** This Court has personal jurisdiction over the parties based upon the foregoing facts.

**6.** This Court has subject matter jurisdiction for the five claims herein because all arise from federal statutes, 28 U.S.C. 1331, and as provided by 28 U.S.C. 1343(a)(3,4).

**7.** This Court (Phoenix Division) is the proper venue for this action pursuant to 28 U.S.C. 1391(b) (1, 2).

### 3. General Fact Allegations

**8.**   Defendant   Early Warning Services, employed Marshall since October of 2016 as Program Manager the Director of Risk Management until the Early Warning Services fired Marshall on August   28, 2019 without   good cause.

**9.** On May 15, 2017, Marshall was made Director of Risk Management. Early Warning Services paid Marshall the salary of a manager instead of a Director. Marshall was the only African American employee. Marshall protested her pay but Early Warning Services informed Marshall she could not negotiate for more pay.

**10.** In June or July of 2018, Marshall and her former co-worker approached Vice President of Operations, Michelle Lewis, about creating the position of Senior Director. When the decision was made to create and hire for this new role Lewis advised Marshall and Marshall made clear that she wanted the Senior Director position, but Lewis refused to consider Marshall despite Marshall's qualifications. Lewis told Marshall that she did not have the "right skill set". A Caucasian male was hired into the Senior Director role by Early Warning.

**11.** In November of 2018, Early Warning Systems hired Scott Bonomo to supervise Marshall. From the outset, Bonomo began discriminating against Marshall for her race, sex and disability. For example, when Marshall asked Bonomo for a clearer explanation of her job responsibilities, Bonomo began taking away Marshalls job responsibilities and excluding her from office gatherings.

**12.** Bonomo reduced Marshall's workload down to three projects and he took away Marshall's responsibility of managing Luke Dunn, a male manager that had been hired to assist Marshall. Bonomo informed Marshall that she would no longer give any input to Dunn's performance evaluations.

13. Bonomo informed Marshall that she would not be getting a raise because her salary was "adequate." Bonomo then gave Marshall a poor performance review which Marshall challenged.

14. Bonomo expressed his animus toward the equality of women by telling Marshall that his wife earned "play" money and bragged that he was the breadwinner in his family. Then Bonomo promoted Luke Dunn from manager and gave Dunn, male, a salary increase of greater than $10,000.00 per year while withholding a raise from Marshall, female.

15. On February 13, 2019, Marshall underwent a surgery for her herniated disk with canal stenosis. When she returned to work Marshall asked HR for an ergonomic workstation. Marshall never received an ergonomic workstation which Early Warning Systems, LLC could have provided without hardship. Early Warning Systems failed to engage in an interactive process when it learned of Marshall's disability.

16. In May of 2019, Marshall could no longer tolerate Bonomo discriminating against her because of her race, sex and disability. Marshall reported Bonomo first to George Valez and then to Emily Wentworth in HR. Marshall's plan was to pursue a different position within the Company to get away from Bonomo. But before Marshall could transfer, Bonomo placed Marshall on a Performance Improvement Plan "PIP". Marshall protested

the PIP and eventually on June 26, 2019, Early Warning Systems fired Bonomo. Bonomo was gone but Marshall's work performance was tarnished. Bonomo's decision to place Marshall on a PIP was the result of Marshall reporting him to HR.

17. Bonomo's unfair PIP remained. Marshall discussed the PIP with Lou Ann Alexander, Group President, and asked Alexander to remove the PIP. Alexander refused to remove it, instead extending it. Later it was marked as achieved but Alexander wanted to keep a record of it.

18. .Marshall was next in chain of command and should have been selected to lead her team but instead Alexander had all Bonomo's team to report to her, Alexander until the Company hired a new Senior Director.

19. On July 22, 2019, Early Warning Systems hired Pam Flakowitz to lead Marshall's team. As Marshall feared, the first question Flakowitz had of Marshall was to explain why she had been placed on a PIP. Marshall showed her rebuttal to the PIP to Flakowitz who responded by requiring Marshall to track her performance. Marshall felt that the reason Flakowitz wanted her to track her performance was to build a case to fire Marshall.

20. On August 28, 2019, Early Warning Services terminated Marshall only briefly, claiming that Marshall was not performing as a Director.

27. As a direct and proximate result of the conduct by conduct of Early Warning Systems, LLC, Marshall is entitled to compensatory damages for, inter alia, loss of income, loss of employee benefits, emotional distress, inconvenience, loss of self-esteem from being employed, loss of sleep, worry about how she will support herself, the loss of valued relationships she had enjoyed with coworkers and a reduced standard of living.

28. The conduct of Early Warning Systems alleged herein with respect to Marshall was done with a deliberate and malicious intent to discriminate against her in violation of federal statutes including, inter alia 42 U.S.C. 1981, and Title VII because of her race and to retaliate against her for because of her statements describing unlawful employment discrimination by her former supervisor Scott Bonomo that management unjustifiably continued.

29. Based upon the willful conduct of Early Warning Systems, LLC and the harm done to Marshall alleged herein, the Court should grant injunctive relief to remedy the harm done and to enjoin Early Warning Systems, LLC from engaging in such unlawful discrimination and retaliation in the future.

30. Marshall filed a charge of discrimination under charge number 540-2019-04889. (See Exhibits 1). Marshall received her Notice of Right to Sue on November 14, 2019. (See Exhibits 2 Notice of Right to Sue).

### 4. Demand for Jury Trial

Plaintiffs demand a trial by jury pursuant to the Seventh Amendment to the United States Constitution, and FRCP Rule 38(a, b).

### 5. Requested Relief

Count One: 42 U.S.C. §1981 – Retaliation for having reported or opposed race discrimination

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. Injunctive relief including, inter alia, actions to enjoin and prevent future race discrimination, and to remedy harm done to Marshall which should include back pay plus all lost employee benefits and either reinstatement or front pay

4. Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

5. Her taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

Count Two:   42 U.S.C. § 2000e 5 -Retaliation for having reported

<u>race or opposed race   discrimination</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. Injunctive relief including, inter alia, actions to enjoin and prevent future race discrimination, and to remedy harm done to Marshall which should include back pay plus all lost employee benefits and either reinstatement or front pay

4. Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

5. Her taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

<u>Count Three: 42 U.S.C §2000e 2(a) (1) – Failure to promoted based on race.</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. Injunctive relief including, inter alia, actions to enjoin and prevent future race discrimination, and to remedy harm done to Marshall which should include back pay plus all lost employee benefits and either reinstatement or front pay

4. Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

5. Her taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

<u>Count Four:   42 U.S.C. § 1981 – Failure to promote based on race.</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. Injunctive relief including, inter alia, actions to enjoin and prevent future race discrimination, and to remedy harm done to Marshall which should include back pay plus all lost employee benefits and either reinstatement or front pay

4. Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

5.  Her taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

<u>Count Five:   42 U.S.C. § 20002 2(a) (1) Sex discrimination</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. Injunctive relief including, inter alia, actions to enjoin and prevent future race discrimination, and to remedy harm done to Marshall which should include back pay plus all lost employee benefits and either reinstatement or front pay

4. Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

5.  Her taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

<u>Count Six : 42 U.S.C. § 12112 - Disability Discrimination - Failure to Accommodate.</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. Injunctive relief including, inter alia, actions to enjoin and prevent future race discrimination, and to remedy harm done to Marshall which should include back pay plus all lost employee benefits and either reinstatement or front pay

4. Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

5. Her taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

Respectfully submitted this February 10, 2020.

/s/ Elizabeth D. Tate
_____
Elizabeth D. Tate